**FACCHINA CONSTRUCTION CO., INC., Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

Carpenters Regional Council Baltimore & Vicinity A/W United Brotherhood of Carpenters and Joiners of America, Intervenor.

No. 04–1429, 05–1031.

United States Court of Appeals, District of Columbia Circuit.

March 23, 2006.

Maurice Baskin, Venable LLP, Washington, DC, for Petitioner.

Arthur F. Rosenfeld, Aileen A. Armstrong, Deputy Associate General Counsels, John H. Ferguson, Margery Ellen Lieber, Assistant General Counsels, Julie B. Broido, Senior Attorney, David S. Habenstreit, Joan E. Hoyte–Hayes, National Labor Relations Board General Counsels, Washington, DC, for Respondent.

Daniel Martin Shanley, DeCarlo & Connor, Los Angeles, CA, Brian Francis Quinn, DeCarlo & Connor, PC, Washington, DC, Alice Chih–Mei Chen, for Intervenor.

Before: RANDOLPH and GRIFFITH, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM

This cause was considered on a petition for review and cross-application for enforcement of an order of the National Labor Relations Board ("Board") and was briefed and argued by the parties. It is

**ORDERED AND ADJUDGED** that the petition for review is denied, and the Board's cross-application for enforcement is granted.

"We ... uphold the judgment of the Board unless, upon reviewing the record as a whole, we conclude that the Board's findings are not supported by 'substantial evidence,' 29 U.S.C. § 160(e), (f)." *Int'l Union of Electronic, Electrical, Salaried, Mach. & Furniture Workers v. NLRB,* 41 F.3d 1532, 1536 (D.C.Cir.1994). "We owe substantial deference to inferences drawn from the facts, to choices of remedies, and, overall, to the reasoned exercise of the Board's expert judgment." *Avecor, Inc. v. NLRB,* 931 F.2d 924, 928 (D.C.Cir.1991) (citations and alteration omitted).

■ The Board had before it substantial evidence to support its finding that the Petitioner violated §§ 8(a)(1) and (3) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(1) and (3), by discharging four employees for engaging in protected union activity. It is true that the Petitioner decided to discharge nine employees before any protected conduct took place. The Board reasonably could find, however, that the Petitioner's later choice of four particular employees to discharge was based on anti-union animus and that the Petitioner's proffered non-discriminatory explanation was pretextual. *See Tasty Baking Co. v. NLRB,* 254 F.3d 114, 125–26 (D.C.Cir.2001).

■ Substantial evidence supports the Board's finding that the Petitioner violated § 8(a)(1) of the NLRA, 29 U.S.C. § 158(a)(1), by interrogating a job applicant about his union membership, prohibiting employees from distributing union literature off company premises during nonworking time, and telling employees that the Petitioner would have to discharge all union carpenters.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.